# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GOLDEN GULF CASINO, INC.**                                                               **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 1:20-cv-240-TBM-BWR**

**OSCAR RENDA CONTRACTING, INC.**                                         **DEFENDANT**

## **ORDER**

This matter came before the Court on Oscar Renda Contracting, Inc.'s Motion in Limine to Exclude Evidence of Other, Unrelated Litigation and Gratuitous References to Other Impacts of North Contract Work [134] and Golden Gulf Casino, Inc.'s Consolidated Motions In Limine [138]. At the hearing conducted in this matter on September 2, 2022, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced on the record its detailed findings and conclusions concerning each motion ruled upon.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated on the record at the hearing held on September 2, 2022, Oscar Renda's Motion in Limine [134] is GRANTED. Golden Gulf claims that some of the unrelated litigation is necessary to prove Oscar Renda's motive with regard to the bad faith breach of contract claim. This ruling does not preclude Golden Gulf from having the opportunity to raise any unrelated litigation evidence outside the presence of the jury. The Court will consider the proffered evidence at that time and determine if the foundation laid is sufficient to place any unrelated litigation evidence before the jury.

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated on the record at the hearing held on September 2, 2022, Golden Gulf's Consolidated Motions in Limine [138] are GRANTED in part and DENIED in part as noted below:

a. The motion to exclude testimony or evidence related to Kevin Breland's work on the Golden Gulf property some 20 years ago is DENIED.

b. The motion to exclude testimony or evidence related to other claims or lawsuits involving Chris Ferrara or any of his businesses is GRANTED.

c. The motion to exclude testimony or evidence related to other work Larry Lewis (or his company(s)) or Dave Machado (or Machado Patano) did for Chris Ferrara or his businesses is DENIED.

d. The motion to exclude testimony or evidence related to other agreements regarding storage or spoil or other materials on property near the Biloxi North Project that were not a viable alternative to the Golden Gulf site is DENIED.

e. The motion to exclude testimony about the contents of the parties' agreement by persons without personal knowledge is DENIED.

f. The motion to exclude any evidence, testimony, or argument that Golden Gulf did not fully perform all of its obligations under its contract/agreement with Oscar Renda is GRANTED.

g. The motion to exclude any evidence, testimony, or argument that Golden Gulf is entitled to recover anything less than the full amount of money Golden Gulf spent in relation to having the subject basin filled, including all work incumbent thereon is DENIED.

h. The motion to exclude any evidence, testimony, or argument in support of Oscar Renda's affirmative defense is GRANTED in part as to excluding evidence related to contract formation defenses and is otherwise DENIED.

i. The motion to exclude any expert opinion evidence, testimony or argument interpreting agreements to store construction materials or spoil on property other than the Golden Gulf site is DENIED. In prior rulings, the Court has addressed certain expert opinions that are improper. This ruling does not change any prior rulings.

j. The motion to exclude any evidence, testimony, or argument about any alleged agreements to store construction materials or spoil on any property other than those agreements produced by Oscar Renda is DENIED.

k. The motion to exclude any other testimony, evidence, or argument that was not timely disclosed to Golden Gulf or produced in discovery is DENIED as it is a request to simply enforce the rules potentially applicable to this Court.

l. The motion to exclude any other testimony, evidence, or argument about issues, facts, claims, or defenses Oscar Renda testified it has no knowledge of during its 30(b)(6) depositions is DENIED as it is a request to simply enforce the rules potentially applicable to this Court.

m. The motion to exclude evidence or argument about the content of Golden Gulf's Motions in Limine is GRANTED.

THIS, the 2nd day of September, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE